McDONALD, The (PAGE v.). See Case No. 11,239.

McDONALD, The (POAG v.). See Cases Nos. 11,238 and 11,239.

McDONALD (POOL v.). See Case No. 11,268.

## Case No. 8,765.

### McDONALD v. RENNEL et al.

[21 Law. Rep. 157.]

District Court, D. Massachusetts. May Term, 1858.

PRACTICE IN ADMIRALTY—DEFAULT OF GARNISHEE—COMPULSORY PROCESS—ANSWER.

1. On default of one summoned as garnishee in admiralty, the libellant is not entitled to execution in personam against him. The thirty-seventh rule of the supreme court provides for compulsory process only to compel the garnishee to answer.

2. After such default, the garnishee is not entitled as of right to put in an answer, except to state facts which have occurred since the default.

3. Such answer may be allowed in the discretion of the court, and in this case was so allowed, on condition that the libellant might take issue upon it, and that the garnishee should stipulate with sureties to pay whatever the court should allow.

In admiralty.

C. G. Thomas, for libellant.
Codman & Johnson, for garnishee.

SPRAGUE, District Judge. This suit, and four others of a similar character, were brought against the captain of a ship, and the owner was summoned as garnishee. The garnishee appeared by counsel, but made no answer, and execution was awarded against him in the usual form, on application of the libellant, with affidavits that the garnishee had admitted that he held funds belonging to the respondent. Thereupon the garnishee came and moved a supersedeas, and that he might be permitted to answer and deny his liability as garnishee. The libellant claims that he is entitled to execution in personam against the garnishee, and that the latter cannot, after his default, be allowed to show a want of funds. A stay of execution was awarded, and a hearing has been had on these questions.

1. The garnishee process is not derived from the custom of London, nor from local legislation, but is a remedy in admiralty, standing on its own grounds. The custom of London and the trustee process are somewhat analogous, and so far as the analogy

holds, we may derive some aid from the practice under them.

But we must be governed here by the rules of the supreme court of the United States, which are founded on the legislation of congress and the general admiralty law, and it is only where these fail that aid can be sought in other quarters.

There are two rules of the supreme court which refer to this process, the second and the thirty-seventh; the latter of which is alone applicable to the present case. It provides that the garnishee shall be required to answer as to funds of the defendant in his hands, and also to such interrogatories concerning them as the libellant may propound, "and if he shall refuse or neglect to do so, the court may award compulsory process in personam against him." If he admit funds, he shall hold them liable to answer the exigency of the suit. The libellant contends that under this rule he is entitled to execution in personam against the garnishee. I do not think so. The rule only means that compulsory process will issue to compel the garnishee to answer, not to pay the debt, and therefore he is not subject to execution. The libel itself only claims the effects of the respondent in the garnishee's hands, and the libellant can have no more than he claimed.

2. The garnishee's motion to be allowed to answer, is put forward, first, as a matter of right, and second, as addressed to the discretion of the court.

He claims its allowance of right:

(1.) On the ground that execution cannot issue until an answer has been made; because the thirty-seventh rule of the supreme court allows compulsory process to obtain an answer, and this is useless if the libellant can proceed without an answer. For why allow compulsory process to obtain an answer, if execution may be awarded on default? But a default does not necessarily give all the effect of a disclosure. Execution is not usually awarded without some evidence of a debt due the respondent, and cases may be supposed where no debt could be proved without the evidence of the garnishee himself. The existence of such a rule, therefore, is not enough foundation for the doctrine contended for by the garnishee.

(2.) He claims that on his refusal to pay the execution and a summons to show cause, he may of right put in an answer. But I do not think this can be allowed in admiralty, though perhaps it might in the state courts under sci. fa. against a trustee. He has been once ordered to make answer and has refused. He cannot be allowed a second opportunity to state the very same facts. If any facts had occurred since his default, he might show them; but he cannot put in the very same answer which he might have given before. As matter of right, therefore, the garnishee's motion must fail.

But he also addresses it to the discretion of the court. The libellant put in affidavits that the garnishee admitted funds when the suit was begun, and afterwards admitted specific amounts. The garnishee now presents affidavits that no such admissions were made, and that he only said he was uncertain whether he owed the respondent or not. He also offers affidavits that the libellant's counsel told him that the matter could be adjusted without his going into court, and the libellant offers counter affidavits.

Under these circumstances, I shall allow the answer; but with the condition that the libellant may take issue upon it, and that the garnishee shall put in stipulations with sureties to pay whatever the court shall allow.